W. A. VAN BRUNT and another *vs.* J. C. GREAVES and another.

May 5, 1884.

**Evidence Competent for but one of two Purposes.**—Where evidence is offered for two purposes at the same time, for one of which it is competent and for the other not, and it is received, it will not be presumed to have been received for the improper purpose, but any error in that respect must affirmatively appear.

Action brought in the district court for Rice county, upon a guaranty signed by the partnership name of defendants, (Greaves and Van Campen,) and indorsed upon and delivered with a promissory note made by one Hustis to the plaintiffs, on March 12, 1878. The defendant H. A. Van Campen, in his separate answer, admits a partnership between himself and Greaves, formed about March 1, 1878, as agents for McCormick Brothers in the sale of McCormick harvesters and mowers, but in no other business whatever, denies that the partnership guarantied the note, and alleges that the defendant Greaves and one Holden, a short time before March 12, 1878, were partners as agents for plaintiffs in the sale of the Van Brunt & Davis seeder, and that the consideration of the note of Hustis was the sale to him by defendant Greaves of one such seeder, in which sale Van Campen had no interest, and that Greaves guarantied the collection of the note for his own private benefit, and upon a consideration moving to himself alone, without Van Campen's knowledge or assent, and that his acts were beyond the scope of his authority as partner, all which the plaintiffs then knew.

At the trial before *Buckham,* J., the plaintiffs introduced evidence tending to prove that Van Campen was partner with Greaves in the agency for plaintiffs' seeders, as well as for McCormick's machines; and introduced in evidence, under objection and exception, other notes given for seeders, and guarantied in the name of Greaves & Van Campen. The jury found for the plaintiffs and against both defendants; a new trial was refused, and defendant Van Campen appealed.

*Pattee & Cutler*, for appellant.

*Perkins & Whipple*, for respondents.

BERRY, J.[1] The three notes, of the admission of which in evidence the appellant complains, were offered at the same time, for two purposes. The first was "to throw light upon the question as to whether or not Van Campen was engaged with Greaves in disposing" of certain seeders. For this purpose they were admissible, as having some tendency to show that Van Campen took part with Greaves in conducting the business of disposing of the seeders. The notes were drawn by Benson, Van Campen's clerk, at different times, and the drawing of each of them was (according to some of the testimony) one of a series of acts, (on the part of Benson or some other of Van Campen's clerks,) having reference to the disposing of the seeders, done at the common place of business of Van Campen, and of the alleged partnership composed of Van Campen & Greaves, of which acts Van Campen received a share of the benefit. The notes being competent for the purpose mentioned, it was proper to receive them in evidence, whether they were admissible for the second purpose for which they were offered or not. Admitting that it would have been error to receive them for the second purpose, the error is not to be presumed, but must be shown affirmatively. The record does not show that the notes were received for the second purpose. On the contrary, the court expressly and explicitly charged the jury that they were received for the first purpose only, and that they must be considered with reference to that alone. It follows that the assignment of error in admitting the notes is not made out.

This disposes of the main question in the case, and of the only one which we deem it necessary to discuss.

Order affirmed.

[1] Dickinson, J., because of illness, took no part in this decision.